# SIMPSON v. GUISEPPE.

---

### APPEAL AND ERROR; APPEAL BONDS.

An appeal bond on an appeal from the municipal court to the supreme court of the District of Columbia is sufficient if executed by the appellant with one surety. (Construing D. C. Code, sec. 31 [31 Stat. at L. 1194, chap. 854], providing that "no appeal shall be allowed unless the appellant, with sufficient surety, approved by the justice, shall enter into an undertaking to satisfy and pay whatever final judgment may be recovered in the appellate court, and agree that such judgment may be entered against principal and sureties," and denying the effect of the *dictum* in *Dowling* v. *Buckley,* 27 App. D. C. 205.)

No. 2113. Submitted March 7, 1910. Decided April 5, 1910.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, dismissing an appeal to that court from the Municipal Court, upon the ground that the appeal bond was executed by one surety only.

*Reversed.*

The facts are stated in the opinion.

*Mr. A. E. L. Leckie, Mr. Creed M. Fulton, Mr. Joseph W. Cox,* and *Mr. Joseph T. Sherier* for the appellant.

*Mr. Charles S. Shreve, Jr.,* and *Mr. Mason N. Richardson* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Appellee, Garilli Guiseppe, recovered a judgment against the appellant, Elsworth T. Simpson, trading as Parkway Livery Company, in the municipal court (successor to the justices court), from which the latter appealed to the supreme court of the District, giving an appeal bond in the ordinary form, but with one surety. The appeal was dismissed on motion because executed by one surety only.

Sec. 31 of the Code [31 Stat. at L. 1194, chap. 854] provides that "no appeal shall be allowed unless the appellant, with sufficient surety, approved by the justice, shall enter into an undertaking to satisfy and pay whatever final judgment may be recovered in the appellate court, and agree that such judgment may be entered against principal and sureties."

The words "sufficient surety" have generally been regarded as satisfied by one surety, found to be sufficient for the purpose, unless there be further language showing a plain intent to require more than one. Those words occur in the most important part of the sentence, and the question is whether their ordinary meaning is intended to be controlled by the use of the word "sureties" in the concluding words defining the obligation of the undertaking.

We are not convinced that such is the intent. The purpose of the section in extending the right of appeal is to compel the giving of surety sufficient to secure the payment of whatever judgment may be rendered against the appellant in the appellate court. This purpose may as readily be accomplished by an undertaking with one surety as with two or more. As the trial in the appellate court is *de novo,* and the resulting judgment might often be greater than that appealed from, it is impracticable to fix a certain amount in the bond, and hence the surety must agree that the judgment, whatever it may be, shall

be entered against him as well as his principal.  Now, as an appellant may give two or more sureties, the plural form used in the provision for the entry of the judgment may have been intended, out of caution, to provide for such a contingency, although it seems unnecessary, in view of the first clause of sec. 2 of the act adopting the Code [31 Stat. at L. 1189, chap. 854], which provides that "words importing the singular number shall be held to include the plural, and *vice versa,* except where such construction would be unreasonable."

As the controlling purpose of the section, namely, the security of the appellee, is fully accomplished through a single surety, we think it unreasonable to hold that the word first used to that end shall be controlled by the latter one.  We are advised that this was the opinion of the learned trial justice, whose judgment is appealed from, but that he felt himself bound by the language of this court in the case of *Dowling* v. *Buckley,* 27 App. D. C. 205–208.  It is quite true that the language there used gives the construction to sec. 31 which was followed, and is the opposite of that now adopted.  Sec. 31 was, however, not involved in that case, and the language used was not necessary to its determination.  It was an appeal from a judgment in a landlord and tenant proceeding, the undertaking in which is governed by sec. 1233 [31 Stat. at L. 1383, chap. 854]. No harm beyond its immediate effect in the present case can accrue from denying the effect of the *dictum* in that case, as bonds with more than one surety, that may have been given as the result of it, are not invalidated.

For the reasons given, the judgment will be reversed, and the cause remanded, with direction to reinstate the appeal. Each party will pay the costs by him incurred in this court.
                                                      *Reversed.*